IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORIO ORROSTIETA, | : | CIVIL ACTION |
| | : | NO. 20-cv-1831 |
| Petitioner | : | |
| v. | : | |
| | : | |
| MARK CAPOZZA, ET AL., | : | |
| | : | |
| Respondent. | : | |

**ORDER**

**AND NOW,** this **11th** day of **May, 2022,** upon consideration of Petitioner's Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), Petitioner's memorandum of law in support of the petition (ECF No. 16), the Commonwealth's response thereto (ECF No. 19), Petitioner's Reply (ECF No. 26), the Report and Recommendation of the United States Magistrate Judge Marilyn Heffley (ECF No. 27), and Petitioner's objections to the Report and Recommendation (ECF No. 34), it is hereby **ORDERED** as follows:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;
2. Petitioner's objections are **OVERRULED**;
3. The petition for a writ of habeas corpus is **DENIED and DISMISSED with prejudice;**[1]

---

[1] Magistrate Judge Heffley adequately relayed the relevant facts, history, and law applicable to this case in her November 16, 2021 Report and Recommendation ("R&R"). There is no need for the Court to recount that information in full here.

On April 20, 2016, after a jury trial, Petitioner was convicted of murder in the third degree in connection with the death of his former girlfriend. He submitted a timely notice of appeal, arguing that the trial

1

    4.    A certificate of appealability **SHALL NOT** issue, as

Petitioner has not made a substantial showing of the

---

court erred in excluding the testimony of the defense toxicologist, that the Commonwealth committed prosecutorial misconduct, and that the jury instructions were improper. The Superior Court rejected his claims on appeal but vacated the judgment and remanded the case for resentencing based on the trial court's improper restitution award. Petitioner was resentenced on March 29, 2019.

On March 30, 2020, Petitioner filed the present counseled petition for a writ of habeas corpus. His petition raises three claims: (1) that the trial court violated his Sixth Amendment right to present a defense by excluding the defense toxicologist's testimony; (2) that the Commonwealth committed prosecutorial misconduct and/or a Brady violation with respect to its position on blood evidence; and (3) that the jury instructions were improper. Judge Heffley addressed all three claims in the R&R and ultimately concluded that Petitioner was not entitled to habeas relief.

Petitioner raises several objections to the R&R. This Court reviews de novo those portions of the R&R to which objections are made. 28 U.S.C. § 636(b)(1)(C). However, courts have found that objections that merely rehash arguments made in the petition and that are properly addressed by the magistrate judge are not entitled to de novo review. See, e.g., Watson v. DelBalso, No. CV 17-3191, 2020 WL 4015249, at *1 (E.D. Pa. July 16, 2020); Thomaston v. Dist. Attorney of Philadelphia, No. CV 10-957, 2012 WL 252784, at *1 n.1 (E.D. Pa. Jan. 25, 2012); Morgan v. Astrue, No. 08–2133, 2009 WL 3541001, at *3 (E.D. Pa. Oct. 30, 2009). Moreover, "[a]lthough [the] review is de novo, [a district judge] [is] permitted, by statute, to rely upon the magistrate judge's proposed findings and recommendations to the extent [the judge], in the exercise of sound discretion, deem[s] proper." Sileo v. Rozum, No. CV 12-3803, 2015 WL 7444820, at *11 (E.D. Pa. Nov. 24, 2015) (quoting Owens v. Beard, 829 F. Supp. 736, 738 (M.D. Pa. 1993)), aff'd sub nom. Sileo v. Superintendent Somerset SCI, 702 F. App'x 95 (3d Cir. 2017).

Most of Petitioner's objections are restatements of the arguments in his petition, including that the trial court violated his Sixth Amendment right by excluding his toxicologist's testimony and that the Commonwealth committed prosecutorial misconduct and/or a Brady violation. After reviewing these issues de novo, the Court agrees with, relies on, and adopts Judge Heffley's reasoning and will not address these objections further.

Petitioner's only objection that is not a substantive reiteration of the arguments in his petition is a general objection that Magistrate Judge Heffley relied more heavily on the opinion of the trial court than that of the superior court. However, both the trial court and the superior court rejected Petitioner's arguments that remain at issue here, and the Court finds no difference between the opinions that is material to the instant petition. Petitioner's contention that the R&R cited too frequently to one opinion over the other is therefore not a valid objection.

The Court has carefully reviewed the briefing, as well as the related evidence, and agrees with Judge Heffley's conclusions. Therefore, it concludes that Petitioner's objections to the R&R are meritless.

   denial of a constitutional right nor demonstrated that reasonable jurists would debate the correctness of the procedural aspects of this ruling. <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); and

5. The Clerk of Court shall mark this case **CLOSED**.

   **AND IT IS SO ORDERED.**

*Eduardo C. Robreno*
**EDUARDO C. ROBRENO, J.**